

**RAPP &**
**KROCK**
*A Professional Corporation*
ATTORNEYS AT LAW

3050 Post Oak Blvd., Ste. 1425
Houston, Texas 77056
Telephone: 713.759.9977
Facsimile: 713.759.9967
www.rk-lawfirm.com

United States Courts
Southern District of Texas
FILED
MAR 18 2014
David J. Bradley, Clerk of Court

March 17, 2014

*Via Regular Mail*
United States District Clerk
Post Office Box 61010
Houston, Texas 77208

Re: Civil Action No. 13-2019; *Associated Energy Group, LLC v. Air Cargo Germany GMBH and Volga-Dnepr Airlines;* In the U.S. District Court of the Southern District of Texas, Houston Division

Dear United States District Clerk:

Pursuant to Judge Harmon's procedures, I am addressing this letter to you. On July 17, 2013, in the above referenced case, Defendant Volga-Dnepr Airlines ("VDA") filed Defendant Volga-Dnepr Airlines' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and, Subject Thereto, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). The Motion was submitted to the Court on August 7, 2013. On November 6, 2013, Plaintiff Associated Energy Group, LLC ("AEG") and VDA attended the Initial Pretrial and Scheduling Conference. At the Initial Pretrial and Scheduling Conference, the parties informed Magistrate Judge Stacey that the Motion was pending and ready to be ruled upon. Judge Stacey informed the parties that she would inform Judge Harmon that the Motion was ready for consideration and decision. Judge Stacey also suggested to the parties that, if a ruling has not occurred, the parties could send a letter to the Court to advise it of the outstanding Motion and inquire about the status of the Motion.

While the parties, in their joint case plan, had attempted to provide the Court with some additional time for a ruling prior to having to commence written discovery, the parties had included an anticipated date for interrogatories in their case plan. Based on that, the parties served interrogatories on one another and Plaintiff also served a set for request for production on VDA. (VDA has since served its own set of request for production on Plaintiff out of an abundance of caution). Accordingly, there is now a deadline of March 26, 2014 to respond to such discovery, at a considerable cost to the parties especially VDA, which would have to gather documents from offices around the world if it is required to respond to Plaintiff's discovery demands.

Before expending considerable expense engaging in discovery, VDA is hoping to learn of the status of a ruling on its Motion.

VDA understands that the Court has a busy docket and that its Motion is one of many on the Court's agenda. VDA would merely like to ascertain whether it should seek to extend the discovery deadline of March 26, 2014 by consent or motion, because a ruling on its Motion may

United States District Clerk
March 17, 2014
Page 2


be imminent.  Any guidance or information that you can provide would be helpful. Thank you for your time and courtesy in this matter.

                              Sincerely,

                              RAPP & KROCK, PC

                              Kenneth M. Krock


cc:      Mr. Robert Joseph Kruckemeyer,    *via regular mail*
          800 Commerce St.
          Houston, Texas 77002
          *Attorney for Associated Energy Group, LLC*